## CIRCUIT COURT OF FAIRFAX COUNTY

Smith
and Darlene Rice

v.

Smith

January 26, 2005

Case No. (Chancery) 186532

BY JUDGE MICHAEL P. MCWEENY

This matter came before the Court on December 20, 2004, upon the parties' motions for custody and child support determinations. At the conclusion of the evidence, counsel were instructed to brief the issue by way of simultaneous written closing arguments to be filed on January 7, 2005. The case was to be called at 9:00 a.m. on January 19, 2005, for the Court's rulings.

*Motion to Preclude*

Ms. Smith, through her counsel, failed to file her closing argument as required. On January 11, 2005, Mr. Smith and Ms. Rice filed a Motion to Preclude Consideration of Defendant's Closing Argument as Ms. Smith had waived her right to file a successive response. The Court denies that motion, as the proper remedy would be to permit Mr. Smith and Ms. Rice to file a rebuttal argument if the late filing addressed arguments raised in Mr. Smith and Ms. Rice's brief.

The Court pursued Ms. Smith to present her argument and ultimately received it the afternoon of January 13, 2005, just prior to the four day

state holiday. This resulted in the cancellation of the January 19, 2005, court date.

Upon review of the late filing, the Court finds that the brief does not respond to the Complainant's brief and no rebuttal is authorized or necessary.

*Custody*

The facts of this case are unusual, to say the least. At the time of the hearing, the father was residing in a rehabilitation and care facility as the result of advanced diabetes and the mother was incarcerated on multiple charges. The father's sister, Ms. Darlene Rice, was providing a home and daily care for Brittany Smith, now age 15. Without objection, Ms. Rice has intervened in the case asserting a prayer for sole custody or joint custody with her brother.

It is without question that there is a presumption that a child's best interest would be served by granting custody to a natural parent over any other person. *Bailes v. Sours,* 231 Va. 96, 340 S.E.2d 824 (1986). That presumption may be rebutted by a "showing by clear and convincing evidence that the best interest of the child would be served [by the] award [of] custody or visitation to any other person with a legitimate interest." Va. Code § 20-124.2.(B).

In this case, the evidence established that there is a strong bond between father and daughter despite the present inability for them to reside in the same residence. That bond is supported by Ms. Rice even while she shoulders the primary burden of caring for Brittany.

The evidence also established that Brittany's relationship with her mother is strained and that she does not wish to spend overnights with her mother. This is supplemented by Ms. Smith's extensive criminal record, unsuccessful drug treatment programs, history of intoxication in the presence of the child, anger management issues, and her involving the child in criminal activities.

The Court finds by clear and convincing evidence that Ms. Smith is unfit as a parent at this time and that, as to her, the presumption in favor of a parent over a non-parent has been rebutted.

There is no evidence to rebut the presumption in favor of Mr. Smith; however, he concedes that he is physically incapable of caring for his daughter at the present time and joins in the request for an award of joint legal custody with his sister, with Ms. Rice having primary physical custody of Brittany. It should be noted that Ms. Smith has not contested physical custody and agrees to Brittany's remaining with Ms. Rice.

Mr. Smith and Ms. Rice are awarded joint legal custody of Brittany Smith, with Ms. Rice retaining primary physical custody.

*Visitation*

At this time, Ms. Smith's legal status remains undetermined. While the Court rules that unsupervised overnight visitation is denied, the remaining issues for visitation are reserved until she has clarified her residence and accessibility.

*Child Support*

The *pendente lite* child support was set at $106.00 per month based upon stipulated income figures. No evidence to the contrary has been presented. As of September 11, 2004, Mr. Smith has acknowledged payment of support by way of alternate purchases which he states have "been equal to or greater than said child support payments." Defendant's Exhibit # 1. Accordingly, the Court continues the child support obligation of Ms. Smith in the sum of $106.00 per month and finds an arrearage of $318.00, constituting payments due after September 11, 2004.

The foregoing finding is based upon the evidence that, at the time of the hearing, Ms. Smith remained incarcerated with a possibility of release under some form of Drug Court supervision. Her release from custody, whether supervised or not, shall constitute a change of circumstances.